UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ELKY OGOREK-WILLNER, U. DAVID OGOREK,
EZRA OGOREK and BENNY OGOREK,

                     Plaintiffs,

            -against-

RED CLAY NORSE, LLC, SETH LEVINE, RUBIKAS
RED CLAY, LLC, JAMES O'DONOVAN, YEHUDA C.
GREENFIELD a/k/a JAY GREENFIELD,
A.Y. STRAUSS LLC, APEX NEWARK LLC,
MARK DRACHMAN, ANDREW
SELEVAN, NORSE REALTY GROUP, INC.,
MICHAEL J. LEVINE, IRVIN P. SCHMUTTER,
LEVINE & SCHMUTTER CPA LLP and
NEW YORK COMMUNITY BANCORP, INC.,

                     Defendants,

SHIRA LEVINE,

                     Relief Defendant.
------------------------------------------------------------------------x

**COMPLAINT**

*Trial by Jury Demanded*

       Plaintiffs, Elky Ogorek-Willner, U. David Ogorek, Ezra Ogorek and Benny Ogorek, by their

attorney Jonathan A. Stein, P.C., as and for their complaint against Defendants herein, allege the

following:

## INTRODUCTION

       1.     This civil action is brought pursuant to the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et. seq.*

       2.     Defendant Seth Levine organized, *inter alia*, an entity known as Red Clay Norse, LLC

("RCN") , which was one of approximately 72 real estate ventures he was involved in. RCN owned

a multi-family complex in Delaware. RCN was one of multiple entities operated by Defendant Seth

Levine with the designation "Norse." The Norse designation was utilized by Defendant Seth Levine to make potential investors believe that his entities were related to Defendant MJL's entities such as Norse Realty Group, Inc. ("Norse Realty"). Additionally, Defendants MJL and O'Donovan utilized their positions in NYBC to obtain financing for early ventures of Defendant Seth Levine to lend them an air of legitimacy and, therefore, to encourage unwitting investors, such as Plaintiffs, to invest with Defendant Seth Levine.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1964 and 28 U.S.C. § 1331.

4.    Venue is proper in this judicial district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district and reside in this district.

## PARTIES

5.    At all times hereinafter mentioned and relevant herein, Plaintiff Elky Ogorek-Willner was a natural person, residing in the County of Kings, City and State of New York, and resides within the territorial jurisdiction of the Eastern District of New York.

6.    At all times hereinafter mentioned and relevant herein, Plaintiff U. David Ogorek was a natural person, residing in the County of Nassau and State of New York, and resides within the territorial jurisdiction of the Eastern District of New York.

7.    At all times hereinafter mentioned and relevant herein, Plaintiff Ezra Ogorek was a natural person, residing in the County of Kings, City and State of New York, and resides within the territorial jurisdiction of the Eastern District of New York.

8.    At all times hereinafter mentioned and relevant herein, Plaintiff Benny Ogorek was a natural person, residing in the County of Queens, City and State of New York, and is resides within the territorial jurisdiction of the Eastern District of New York.

9.    At all times hereinafter mentioned and relevant herein, Defendant Red Clay Norse, LLC ("RCN") was a Delaware limited liability company, with its principal office located at 210 River Street, Hackensack, New Jersey 07601, in the County of Bergen, State of New Jersey.

10.    At all times hereinafter mentioned and relevant herein, Defendant Seth Levine was a natural person, residing at 636 South Forest Drive, Teaneck, New Jersey 07666, in the County of Bergen, State of New Jersey.

11.    At all times hereinafter mentioned and relevant herein, Defendant Rubikas Red Clay, LLC ("Rubikas") was a New York limited liability company, with its principal office at 3 Amberly Road, Lawrence, New York 11559, located in the County of Nassau, State of New York.

12.    At all times hereinafter mentioned and relevant herein, Defendant James O'Donovan ("O'Donovan"), was a natural person, residing at 196 Pond View Drive, Port Washington, New York 11050, located in the County of Suffolk, State of New York.

13.    At all times hereinafter mentioned and relevant herein, Defendant O'Donovan was a member of the Board of Directors and the Senior Executive Vice President and Chief Lending Officer of Defendant New York Community Bancorp. ("NYCB").

14.    At all times hereinafter mentioned and relevant herein, Defendant Yehuda C. Greenfield, also known as Jay Greenfield ("Greenfield"), was an attorney duly admitted to practice law in the States of New York and New Jersey, maintaining office with the offices of Defendant A.Y. Strauss LLC in both New Jersey and New York.

15.    At all times hereinafter mentioned and relevant herein, Defendant A.Y. Strauss LLC ("AYS") was a New Jersey limited liability company, having its principal office, dedicated to the practice of law, at 101 Eisenhower Parkway, Suite 300, Roseland, New Jersey 07068-1054, located in the County of Essex, State of New Jersey.

16.    At all times hereinafter mentioned and relevant herein, Defendant Apex Newark LLC ("Apex") was a Delaware limited liability company, with its principal office located at 2365 Nostrand Avenue, Suite 101, Brooklyn, New York 11210, in the County of Kings, City and State of New York.

17.    At all times hereinafter mentioned and relevant herein, Defendant Mark Drachman ("Drachman") was a natural person, residing in the County of Kings, City and State of New York, with an actual place of business at Nostrand Avenue, Suite 101, Brooklyn, New York 11210, in the County of Kings, City and State of New York.

18.    At all times hereinafter mentioned and relevant herein, Defendant Drachman was the managing member of Defendant Apex.

19.    At all times hereinafter mentioned and relevant herein, Defendant Andrew Selevan ("Selevan"), was a natural person residing at 1327 Wellington Avenue, Teaneck, New Jersey 07666, in the County of Bergen, State of New Jersey.

20.    At all times hereinafter mentioned and relevant herein, Defendant Norse Realty, was a New York corporation, incorporated in Queens County, New York, with its principal office located at 2001 Marcus Avenue, Suite W183, Lake Success, New York 11042, in the County of Nassau, State of New York.

21.     At all times hereinafter mentioned and relevant herein, Defendant Michael J. Levine ("MJL") was a natural person residing at 25 Causeway, Lawrence, New York 11559, in the County of Nassau, State of New York.

22.     At all times hereinafter mentioned and relevant herein, Defendant MJL was the President, CEO and principal of Defendant Norse Realty.

23.     At all times hereinafter mentioned and relevant herein, Defendant MJL was a member of the Board of Directors of NYCB.

24.     At all times hereinafter mentioned and relevant herein, Defendant MJL was a member of the accounting firm of Levine & Schmutter CPA LLP ("L&S").

25.     At all times hereinafter mentioned and relevant herein, Defendant Irvin P. Schmutter ("Schmutter") was a member of the accounting firm of L&S.

26.     At all times hereinafter mentioned and relevant herein, Defendant L&S was a New York limited liability company, with offices located at 347 Fifth Avenue, Suite 402, New York, New York 10016-5010, located in the City, County and State of New York.

27.     At all times hereinafter mentioned and relevant herein, Defendant NYCB was a holding company for New York Community Bank, a New York State chartered bank, with principal offices at 615 Merrick Avenue, Westbury, New York 11590, in the County of Nassau, State of New York.

28.     At all times hereinafter mentioned and relevant herein, Defendant MJL was a member of the Defendant accounting firm of L&S.

29.     At all times mentioned and relevant herein, Relief Defendant Shira Levine was a natural person, residing at 636 South Forest Drive, Teaneck, New Jersey 07666, in the County of Bergen, State of New Jersey.

30.     Defendant Shira Levine is only named herein as a Relief Defendant because she was the recipient of the improperly received funds converted and absconded with by Defendant Seth Levine.

## FACTUAL BACKGROUND

31.     Tillie Ogorek, also known as Tilly Ogorek, was the mother of Plaintiffs, and controlled a Delaware limited liability company known as Tillie Ogorek, LLC, which she operated from her home in Brooklyn, County of Kings, City and State of New York.

32.     On or about February 20, 2007, Tillie Ogorek, LLC and Red Clay Norse, LLC entered into a Tenants in Common Agreement setting forth ownership interest of the premises located at 2150-2152 Melson Road, Willmington, Delaware 19808 (the "Premises"), with RCN owning 68.5% and Tillie Ogorek, LLC owning 31.5%.

33.     On December 13, 2014 Tilly Ogorek passed away and her Estate took control of Tillie Ogorek, LLC.

34.     On or about July 22, 2016, Tillie Ogorek, LLC and RCN entered int a Real Estate Transfer Agreement, effectively negating the terms of the Tenants in Common Agreement from February 2007.

35.     On July 22, 2016 the heirs of Tillie Ogorek entered into a Membership Transfer Agreement, transferring the interest of Tillie Ogorek, LLC, to be divided between Plaintiffs Elky Ogorek-Willner (28%), U. David Ogorek (28%), Ezra Ogorek (28%) and Benny Ogorek (16%).

6

36.     In agreeing to the transfer of the interests of Tillie Ogorek, LLC, Plaintiffs consulted Defendant IPS, who at the time was also the accountant for Defendants RCN and Seth Levine.

37.     July 22, 2016 Plaintiffs, Defendant Seth Levine, Defendant Rubikas and Defendant O'Donovan, entered into an "Amended & Restated Limited Liability Company Operating Agreement" (the "RCN Operating Agreement") for RCN, setting forth interest in RCN, with the percentages of ownership interest as follows: Seth Levine 26.5%, Rubikas 33%, O'Donovan 9%, Elky Ogorek-Willner 8.82%, U. David Ogorek 8.82%, Ezra Ogorek 8.82% and Benny Ogorek 5.04%.

38.     Article 6.02(b)(iii) of the July 22, 2016 RCN Operating Agreement for RCN restricts the ability of the Manager to cause RCN to incur any indebtedness in any calendar year in excess of $10,000.00 without a majority of the membership interests.

39.     Article 6.02(b)(I) of the RCN Operating Agreement restricts the ability of the Manager to cause RCN to sell or otherwise dispose of the real property owned by RCN.

40.     At no point did Defendant Seth Levine, as manager of RCN advise Plaintiffs of any meetings to discuss either to incur indebtedness in excess of $10,000.00 during any calendar year.

41.     At no point did Defendant Seth Levine, as manager of RCN advise Plaintiffs of any meetings to discuss the sale and/or disposition of the Premises.

42.     Unknown to Plaintiffs, and certainly without their consent, on July 22, 2016, Defendant Seth Levine, as Manager of RCN encumbered the Premises with a mortgage from Hunt Mortgage Capital in principal sum of $10,500,000.00, which was assigned the same day to Fannie Mae.

43.     Unknown to Plaintiffs, and certainly without their consent, on or about January 29, 2019, RCN entered into a Purchase and Sale Agreement with Defendant Apex.

7

44.     On February 13, 2019 Plaintiffs learned of the proposed sale to Defendant Apex, and upon so learning, immediately contacted Defendant Greenfield, who was acting as attorney for RCN and Seth Levine, to notify him that Plaintiffs were owner of the Premises operated by RCN, however, despite numerous communications, Defendant Greenfield failed to respond.

45.     On or about June 29, 2019, without the consent or foreknowledge of Plaintiffs, RCN deeded the Premises to Apex.

46.     Upon information and belief, at the closing Seth Levine and RCN presented a forged amended and restated operating agreement (the "Forged Agreement") removing the interest of Plaintiffs in RCN.

47.     Upon information and belief, in order for Seth Levine and RCN to perpetrate the forgery, in the preparation of the Forged Agreement, they required and obtained the assistance of Defendants Rubikas and O'Donovan, whose names remained on the Forged Agreement as members of RCN.

48.     Defendant Selevan, who was aware of Plaintiffs' ownership interest in RCN nonetheless notarized Defendant Seth Levine's signature on the deed, thus enabling his act of fraud against Plaintiffs.

49.     Defendants MJL and O'Donovan both utilized their positions at NYCB to lend legitimacy to Defendant Seth Levine, the son of Defendant MJL.

50.     In or about the fall of 2010 Defendant O'Donovan approved a $2.85 Million commercial loan for property in Atlantic City, New Jersey owned by an entity known as Pacific Norse, LLC ("Pacific") – again with the "Norse" designation.

51.     Defendant O'Donovan's interest in RCN was clearly payback for the approval of the financing to Pacific and other loans through NYBC, which would not have been issued without the assistance of Defendants O'Donovan and MJL.

52.     In fact, considering the loans from NYCB issued to Defendant Seth Levine's entities, it was a conflict of interest for Defendant O'Donovan to even have an interest in RCN.

## AS AND FOR A FIRST CLAIM FOR RELIEF
(Violation of 18 U.S.C. § 1962(c))

53.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54.     Defendants RCN, Rubikas and the individual Defendant Seth Levine, are an Enterprise within the meaning of 18 U.S.C. § 1961(4) whose activities affect interstate commerce. The individual Defendants are either employed by, are managers or members of, or exercise control over the financial affairs of Defendant RCN.

55.     The Defendants operated through a pattern of racketeering activity and were associated together and functioned together for a common unlawful purpose as set forth below and all participated in the management of the racketeering enterprise.

56.     Each individual Defendant is a "person" within the meaning of 18 U.S.C. § 1961(3) and directed and participated in the affairs of the various enterprises within the meaning of 18 U.S.C § 1962(c).

57.     Defendant Seth Levine directly and indirectly conducted and participated in conducting the affairs of these Enterprises through a pattern of racketeering activity, and in violation of 18 U.S.C. § 1962(c).

9

58.     Defendants conspired together to engage in a pattern of racketeering activity on or about July 22, 2016 and thereafter with the intention to defraud Plaintiffs by devising a scheme and artifice to procure purported investments in RCN from Plaintiffs. This money was then illegally converted by Defendants for their own personal uses and was not invested in RCN, but was utilized to fund other projects being run by Defendant Seth Levine.. The scheme was carried out by the Defendants through multiple actions and acts from on or about July 22, 2016, when Plaintiffs' interest in the Premises was no longer that of tenants in common, thus allowing Defendants the flexibility to scheme to defraud Plaintiffs.

59.     The scheme was continued by a series of false representations by Defendants thereby defrauding Plaintiffs out of $887,500.00. The alleged false representations were knowingly false when made.

60.     The fraudulent representations constitute wire fraud in violation of 18 U.S.C. § 1343 and other applicable laws and constituted a conspiracy to commit the offenses and mail fraud and wire fraud.

61.     Through the commission of illegal predicate acts, Defendants engaged in a pattern of racketeering activity between July 22, 2016 and the present, affecting interstate commerce as defined by 18 U.S.C. § 1961(5) and other applicable laws.

62.     Plaintiffs have been injured in its business and property by reason of Defendants' violation of 18 U.S.C. § 1962 and demand judgment in an amount to be determined at the time of trial, together with threefold damages, costs of suit, and reasonable attorneys' fees in accordance with the provisions of 18 U.S.C. § 1964.

## AS AND FOR A SECOND CLAIM FOR RELIEF
(Violation of 18 U.S.C. § 1962(b))

63.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 62 of this Complaint as though fully set forth herein.

64.    Defendants' activities as aforesaid, affect both interstate and foreign commerce.

65.    Defendants acquired and maintained interest in and control of the enterprise through a pattern of racketeering activity.

66.    The racketeering activity set forth hereinabove constitutes a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

67.    Defendants have directly and indirectly acquired and maintained interests in and control of the enterprise through the pattern of racketeering activity described above, in violation of 18 U.S.C. § 1962(b).

68.    As a direct and proximate result of Defendants' racketeering activities and violations of 18 U.S.C. § 1962(b), Plaintiff has been injured in his business and property, compelling him, *inter alia*, to accumulate debt in order to make up for shortfalls in funds caused by Defendants' actions.

69.    Plaintiffs have been injured in its business and property by reason of Defendants' violation of 18 U.S.C. § 1962 and this entitles Plaintiff to threefold damages, costs of suit, and reasonable attorneys' fees in accordance with the provisions of 18 U.S.C. § 1964.

## AS AND FOR A THIRD CLAIM FOR RELIEF
(Violation of 18 U.S.C. § 1962(d))

70.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 69 of this Complaint as though fully set forth herein.

71.     As set forth above, Defendants agreed and conspired to violate 18 U.S.C. §§ 1962(a), (b) and (c).

72.     Defendants have intentionally conspired and agreed to directly and indirectly use or invest income that is derived from a pattern of racketeering activity in interstate and foreign commerce, acquire and maintain interests in the enterprise through a pattern of racketeering activity, and conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

73.     Defendants knew that the abovementioned predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above, such conduct constituting a conspiracy to violate 18 U.S.C. §§ 1962(a), (b) and (c), in violation of 18 U.S.C. § 1962(d).

74.     Plaintiff has been injured in his business and property as a direct and proximate result of Defendants' conspiracy and overt acts taken in furtherance of that conspiracy, in violation of 18 U.S.C. § 1962(d).

75.     Plaintiff has been injured in its business and property by reason of Defendants' violation of 18 U.S.C. § 1962 and this entitles Plaintiff to threefold damages, costs of suit, and reasonable attorneys' fees in accordance with the provisions of 18 U.S.C. § 1964.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
(Common Law Fraud)

76.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 75 of this Complaint as though fully set forth herein.

77.     Defendants actions, as aforesaid constitute fraud, and Plaintiffs have been damaged thereby.

78.     This Court has supplemental jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1367.

79.     Based upon the foregoing, Plaintiffs demand judgment against Defendant at the time of trial based upon the Defendants' fraudulent conduct, in an amount to be determined by the Court at the time of trial.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
(Accounting Malpractice against Irvin P. Schmutter, Levine & Schmutter CPA LLP )

80.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 79 of this Complaint as though fully set forth herein.

81.     Defendants Schmutter and L&S actively gave erroneous advice to Plaintiffs to encourage them to change the form of ownership form tenants in common under Tillie Ogorek, LLC to a membership interest in RCN.

82.     Said advice terminated Plaintiffs' ability, as members of Tillie Ogorek, LLC, to utilize any future sale of the Premises as the basis of a tax free exchange under IRC § 1031.

83.     Additionally, Defendants Schmutter and L&S actively facilitated the actions of Defendant Seth Levine through the preparation of documents which were relied upon by third-parties showing that Plaintiffs no longer had an ownership interest in RCN and the Premises.

84.     The actions of Defendants Schmutter and L&S constitute, at the very least, a negligent departure from the accepted standards of practice in the filed of accounting.

13

85.    The actions of Defendants Schmutter and L&S were the proximate cause and cause in fact of the injuries suffered by Plaintiffs.

86.    This Court has supplemental jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1367.

87.    Plaintiffs have been damaged in an amount to be determined by the Court at the time of trial against Defendants Schmutter and L&S and demand judgment therefor.

### AS AND FOR A SIXTH CLAIM FOR RELIEF
(Attorney Malpractice against Defendants Yehuda C. Greenfield
a/k/a Jay Greenfield and A.Y. Strauss LLC )

88.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 87 of this Complaint as though fully set forth herein.

89.    Defendants Greenfield and AYS were respectively, an attorney, duly admitted to practice law in both the States of New York and New Jersey, and a law firm holding itself out to represent clients in those states.

90.    Defendants Greenfield and AYS acted as attorney for Defendant RCN, of which Plaintiffs owned a collective interest of 31.5% of RCN, i.e., more than the percentage owned by Defendant Seth Levine, with respect to the sale of the Premises.

91.    Defendants Greenfield and AYS owed a fiduciary duty to Plaintiffs.

92.    Defendants Greenfield and AYS failed to exercise that degree of care, skill and diligence in connection with their representation of the sale of the Premises of RCN and its membership interest, or lacked the degree of skills necessary to represent RCN and its membership interests in connection with the sale of the Premises.

14

93.   The actions and/or inactions of Defendants Greenfield and AYS as aforesaid are the proximate cause of the loss suffered by Plaintiffs as aforesaid.

94.   But for the professional negligence of Defendants Greenfield and AYS Plaintiffs would not have suffered the loss occasioned by the sale of the Premises, without their consent and without any consideration of their ownership interest in RCN.

95.   This Court has supplemental jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1367.

96.   Based upon the foregoing, Plaintiffs have been damaged in an amount to be determined by this Court at the time of trial against Defendants Greenfield and AYS and demand judgment therefor.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF
(Rescision Against Defendants Apex Newark LLC and Mark Drachman)

97.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 96 of this Complaint as though fully set forth herein.

98.   Plaintiffs' ownership interest in Defendant RCN and the requirements that any sale of the Premises such as that which occurred here required a vote of the majority of the membership interest of RCN, which vote never occurred, is a material fact, which was misrepresented here.

99.   Such misrepresentation was an inducement to the underlying contract and closing of the sale of the Premises as aforesaid.

100.   This Court has supplemental jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1367.

101.    Based upon the foregoing, Plaintiffs are entitled to the rescission of the sale of the Premises to Defendants Apex Newark LLC and Mark Drachman, and demand judgment therefor.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF
(Accounting Against Defendants Red Clay Norse, LLC and Seth Levine)

102.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 101 of this Complaint as though fully set forth herein.

103.    Plaintiffs are entitled to an accounting from Defendant RCN and Seth Levine and are entitled to the same under the terms of the RCN Operating Agreement.

104.    Plaintiffs have previously requested an accounting of the books and records of Defendants RCN and Seth Levine, but their requests were ignored.

105.    This Court has supplemental jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1367.

106.    Based upon the foregoing, Plaintiffs are entitled to an accounting of the books and records of RCN and Seth Levine and demand judgment therefor.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Elky Ogorek-Willner, U. David Ogorek, Ezra Ogorek and Benny Ogorek, respectfully demand judgment against Defendants as follows:

(a)    On the First Claim for Relief against all Defendants for violation of 18 U.S.C. § 1962(c) in an amount to be determined at the time of trial, together with threefold damages, costs of suit, and reasonable attorneys' fees;

(b)    On the Second Claim for Relief against all Defendants for violation of 18 U.S.C. § 1962(b) in an amount to be determined at the time of trial,

together with threefold damages, costs of suit, and reasonable attorneys' fees;

(c)    On the Third Claim for Relief against all Defendants for violation of 18 U.S.C. § 1962(d) in an amount to be determined at the time of trial, together with threefold damages, costs of suit, and reasonable attorneys' fees;

(d)    On the Fourth Claim for Relief against all Defendants predicated on Fraud, in an amount to be determined by the Court at the time of trial;

(e)    On the Fifth Claim for Relief against Defendants Irvin P. Schmutter, Levine & Schmutter CPA LLP, predicated upon accounting malpractice, in an amount to be determined by the Court at the time of trial;

(f)    On the Sixth Claim for Relief against Defendants Yehuda C. Greenfield a/k/a Jay Greenfield and A.Y. Strauss LLC, predicated upon attorney malpractice, in an amount to be determined by the Court at the time of trial;

(g)    On the Seventh Claim for Relief against Defendants Apex Newark LLC and Mark Drachman, for rescission of the Sale of the Premises;

(h)    On the Eighth Claim for Relief, for an accounting of the books and records of Defendants Red Clay Norse, LLC and Seth Levine;

(i)    Punitive Damages in an amount to be determined by the Court at the time of trial;

(j)    Interest, costs, disbursements and reasonable attorneys' fees in connection with the prosecution of this action; and

(k)    Such other and further relief as to this Court may seem just, proper and equitable.

Dated: Cedarhurst, New York
     February 25, 2020

**JONATHAN A. STEIN, P.C.**
Attorney for Plaintiffs

By:_____
     **JONATHAN A. STEIN**
132 Spruce Street
Cedarhurst, New York 11516-1915
(516) 295-0956
jonsteinlaw@gmail.com