UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
ELKY OGOREK-WILLNER, U. DAVID OGOREK,        CV-20-1259 (ARR)(VMC)
EZRA OGOREK and BENNY OGOREK,

                    Plaintiffs,

         -against-                                    **AMENDED COMPLAINT**

RED CLAY NORSE, LLC, SETH LEVINE, ANDREW        *Trial by Jury Demanded*
SELEVAN,

                    Defendants,

SHIRA LEVINE,

                    Relief Defendant.
-----------------------------------------------------------------------------x

      Plaintiffs, Elky Ogorek-Willner, U. David Ogorek, Ezra Ogorek and Benny Ogorek, by their attorney Jonathan A. Stein, P.C., as and for their complaint against Defendants herein, allege the following:

## INTRODUCTION

      1.     This civil action is brought to recover for fraudulent and negligent conduct of the Defendants.

      2.     Defendant Seth Levine organized, *inter alia*, an entity known as Red Clay Norse, LLC ("RCN") , which was one of approximately 72 real estate ventures he was involved in. RCN owned a multi-family complex in Delaware. RCN was one of multiple entities operated by Defendant Seth Levine with the designation "Norse." The Norse designation was utilized by Defendant Seth Levine to make potential investors believe that his entities were related to and entity known as Norse Realty Group, Inc. ("Norse Realty"), which was controlled by his father, Michael Levine, wh sits on the Board of Directors of New York Community Bancorp, Inc.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1964 and 28 U.S.C. § 1332, since all Plaintiffs have diversity of citizenship from all Defendants, and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district and many of the fraudulent activities occurred in this district.

## PARTIES

5. At all times hereinafter mentioned and relevant herein, Plaintiff Elky Ogorek-Willner was a natural person, residing in the County of Kings, City and State of New York, and resides within the territorial jurisdiction of the Eastern District of New York.

6. At all times hereinafter mentioned and relevant herein, Plaintiff U. David Ogorek was a natural person, residing in the County of Nassau and State of New York, and resides within the territorial jurisdiction of the Eastern District of New York.

7. At all times hereinafter mentioned and relevant herein, Plaintiff Ezra Ogorek was a natural person, residing in the County of Kings, City and State of New York, and resides within the territorial jurisdiction of the Eastern District of New York.

8. At all times hereinafter mentioned and relevant herein, Plaintiff Benny Ogorek was a natural person, residing in the County of Queens, City and State of New York, and is resides within the territorial jurisdiction of the Eastern District of New York.

9. At all times hereinafter mentioned and relevant herein, Defendant Red Clay Norse, LLC ("RCN") was a Delaware limited liability company, with its principal office located at 210 River Street, Hackensack, New Jersey 07601, in the County of Bergen, State of New Jersey.

10. At all times hereinafter mentioned and relevant herein, Defendant Seth Levine was a natural person, residing at 636 South Forest Drive, Teaneck, New Jersey 07666, in the County of Bergen, State of New Jersey.

11. At all times hereinafter mentioned and relevant herein, Defendant Andrew Selevan ("Selevan"), was a natural person residing at 1327 Wellington Avenue, Teaneck, New Jersey 07666, in the County of Bergen, State of New Jersey.

12. At all times hereinafter mentioned and relevant herein, Defendant Selevan was admitted to practice law in both the New Jersey and New York .

13. At all times mentioned and relevant herein, Relief Defendant Shira Levine was a natural person, residing at 636 South Forest Drive, Teaneck, New Jersey 07666, in the County of Bergen, State of New Jersey.

14. Defendant Shira Levine is only named herein as a Relief Defendant because she was the recipient of the improperly received funds converted and absconded with by Defendant Seth Levine.

## FACTUAL BACKGROUND

15. Tillie Ogorek, also known as Tilly Ogorek, was the mother of Plaintiffs, and controlled a Delaware limited liability company known as Tillie Ogorek, LLC, which she operated from her home in Brooklyn, County of Kings, City and State of New York.

16.    On or about February 20, 2007, Tillie Ogorek, LLC and Red Clay Norse, LLC entered into a Tenants in Common Agreement setting forth ownership interest of the premises located at 2150-2152 Melson Road, Willmington, Delaware 19808 (the "Premises"), with RCN owning 68.5% and Tillie Ogorek, LLC owning 31.5%.

17.    On December 13, 2014 Tilly Ogorek passed away and her Estate took control of Tillie Ogorek, LLC.

18.    On or about July 22, 2016, Tillie Ogorek, LLC and RCN entered int a Real Estate Transfer Agreement, effectively negating the terms of the Tenants in Common Agreement from February 2007.

19.    On July 22, 2016 the heirs of Tillie Ogorek entered into a Membership Transfer Agreement, transferring the interest of Tillie Ogorek, LLC, to be divided between Plaintiffs Elky Ogorek-Willner (28%), U. David Ogorek (28%), Ezra Ogorek (28%) and Benny Ogorek (16%).

20.    In agreeing to the transfer of the interests of Tillie Ogorek, LLC, Plaintiffs consulted Defendant IPS, who at the time was also the accountant for Defendants RCN and Seth Levine.

21.    July 22, 2016 Plaintiffs, Defendant Seth Levine, Defendant Rubikas and Defendant O'Donovan, entered into an "Amended & Restated Limited Liability Company Operating Agreement" (the "RCN Operating Agreement") for RCN, setting forth interest in RCN, with the percentages of ownership interest as follows: Seth Levine 26.5%, Rubikas 33%, O'Donovan 9%, Elky Ogorek-Willner 8.82%, U. David Ogorek 8.82%, Ezra Ogorek 8.82% and Benny Ogorek 5.04%.

22.    Article 6.02(b)(iii) of the July 22, 2016 RCN Operating Agreement for RCN restricts the ability of the Manager to cause RCN to incur any indebtedness in any calendar year in excess of $10,000.00 without a majority of the membership interests.

23. Article 6.02(b)(I) of the RCN Operating Agreement restricts the ability of the Manager to cause RCN to sell or otherwise dispose of the real property owned by RCN.

24. At no point did Defendant Seth Levine, as manager of RCN advise Plaintiffs of any meetings to discuss either to incur indebtedness in excess of $10,000.00 during any calendar year.

25. At no point did Defendant Seth Levine, as manager of RCN advise Plaintiffs of any meetings to discuss the sale and/or disposition of the Premises.

26. Unknown to Plaintiffs, and certainly without their consent, on July 22, 2016, Defendant Seth Levine, as Manager of RCN encumbered the Premises with a mortgage from Hunt Mortgage Capital in principal sum of $10,500,000.00, which was assigned the same day to Fannie Mae.

27. Unknown to Plaintiffs, and certainly without their consent, on or about January 29, 2019, RCN entered into a Purchase and Sale Agreement with and entity known as Apex Newark LLC ("Apex").

28. On February 13, 2019 Plaintiffs learned of the proposed sale to Defendant Apex, and upon so learning, immediately contacted the attorney representing Apex, Yehuda C. Greenfield a/k/a Jay Greenfield ("Greenfield"), who was acting as attorney for RCN and Seth Levine, to notify him that Plaintiffs were part owners of the Premises operated by RCN, however, despite numerous communications, Greenfield failed to respond.

29. On or about June 29, 2019, without the consent or foreknowledge of Plaintiffs, RCN deeded the Premises to Apex.

30. Upon information and belief, at the closing Seth Levine and RCN presented a forged amended and restated operating agreement (the "Forged Agreement"), dated September 2016 removing the interest of Plaintiffs in RCN.

31. At no time had Plaintiffs divested themselves of any interest in RCN.

32. Defendant Selevan, who was aware of Plaintiffs' ownership interest in RCN nonetheless notarized Defendant Seth Levine's signature on the deed, thus enabling his act of fraud against Plaintiffs.

33. But for Defendant Selevan's actions Defendant Seth Levine would have been unable to perpetrate the fraudulent activity alleged in this amended complaint.

## AS AND FOR A FIRST CLAIM FOR RELIEF
(Fraud and Deceit)

34. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

35. Defendants RCN and Seth Levine made misreprentations of fact, which they knew to be false when they were made, to wit, that Plaintiffs no longer had an interest in RCN and that their permission was not required for either the refinance or sale of the Premises.

36. The conduct of Defendants RCN and Seth Levine was made to induce and in fact succeeded in inducing third parties to rely upon the same, by which Plaintiffs were damaged and deprived of valuable property rights.

37. Plaintiffs have been damaged in an amount to be determined by the Court at the time of trial, based upon their combined 31.5% of RCN, and demand judgment therefor.

## AS AND FOR A SECOND CLAIM FOR RELIEF
(Malpractice and Negligence)

38. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. As an attorney Defendant Selevan had a duty to exercise a degree of care, skill and diligence with respect to documents he reviewed and notarized, particularly since Plaintiffs' interest in RCN were previously made known to him.

40. Defendant Selevan failed to exercise a degree of care, skill and diligence with respect to his activities on behalf of Defendants RCN and Seth Levine.

41. Alternatively, Defendant Selevan lacked the skills commonly possessed and exercised by members of the legal profession.

42. Defendant Selevan's actions, as aforesaid, were a proximate cause of the damages suffered by Plaintiffs.

43. Plaintiffs demand judgment against Defendant Selevan in an amount to be determined by the Court at the time of trial.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF
(Accounting Against Defendants Red Clay Norse, LLC and Seth Levine)

44. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. Plaintiffs are entitled to an accounting from Defendant RCN and Seth Levine and are entitled to the same under the terms of the RCN Operating Agreement.

46. Plaintiffs have previously requested an accounting of the books and records of Defendants RCN and Seth Levine, but their requests were ignored.

47. Based upon the foregoing, Plaintiffs are entitled to an accounting of the books and records of RCN and Seth Levine and demand judgment therefor.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Elky Ogorek-Willner, U. David Ogorek, Ezra Ogorek and Benny Ogorek, respectfully demand judgment against Defendants as follows:

(a) On the First Claim for Relief against Defendants Red Clay Norse, LLC and Seth Levine, in an amount to be determined at the time of trial, together with costs of suit, and reasonable attorneys' fees;

(b) On the Second Claim for Relief against all Defendant Andrew Selevan for legal malpractice in an amount to be determined at the time of trial, together with costs of suit, and reasonable attorneys' fees;

(c) On the Third Claim for Relief, for an accounting of the books and records of Defendants Red Clay Norse, LLC and Seth Levine;

(d) Punitive Damages in an amount to be determined by the Court at the time of trial;

(e) Interest, costs, disbursements and reasonable attorneys' fees in connection with the prosecution of this action; and

(f) Such other and further relief as to this Court may seem just, proper and equitable.

Dated: Cedarhurst, New York
February 16, 2021

**JONATHAN A. STEIN, P.C.**
Attorney for Plaintiffs

By:_____
**JONATHAN A. STEIN**
132 Spruce Street
Cedarhurst, New York 11516-1915
(516) 295-0956
jonsteinlaw@gmail.com