# ARSENEAULT & FASSETT, LLC

JACK ARSENEAULT
DAVID W. FASSETT

*Of Counsel:*
RICHARD H. CHAMPION
ADMITTED IN NEW YORK
ADMITTED IN MARYLAND
ADMITTED IN DISTRICT OF COLUMBIA

ATTORNEYS AT LAW

560 MAIN STREET
CHATHAM, NEW JERSEY 07928
(973) 635-3366
FAX (973) 635-0855
EMAIL info@af-lawfirm.com

JOHN J. ROBERTS
ALSO ADMITTED IN NEW YORK

GREGORY D. JONES

April 13, 2022

**VIA ECF**

Honorable Vera M. Scanlon, U.S.M.J.
United States Courthouse
225 East Cadman Plaza
Brooklyn, New York 11201

> RE:   **Elky Ogorek-Wilner, et al. v. Red Clay Norse, LLC, et al.**
> **CV-20-1259 (ARR) (VMS)**

Dear Judge Scanlon:

We represent relief defendant Shira Levine and respectfully submit this letter with respect to that portion of plaintiffs' April 11, 2022 letter which suggests that plaintiffs can pursue default proceedings against Ms. Levine based on the amended complaint's lone allegation that she "is only named as a Relief Defendant herein because she was the recipient of the improperly received funds converted and absconded with by Defendant Seth Levine" [DE 93] – even though that complaint indisputably fails to plead any cause of action, or to demand any relief, against her [DE 75].

Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). It necessarily follows, therefore, that where (as here) a complaint fails to plead any cause of action, or to demand any relief, against a defendant, a default judgment cannot lie against that defendant.

With respect to relief defendants specifically, moreover, the Second Circuit has recognized that "[f]ederal courts may order equitable relief against a person who is not accused of wrongdoing in a securities enforcement action where that person: (1) has received the ill-gotten funds, and (2) does not have a legitimate claim to those funds." SEC v. Cavanagh, 155 F.3d 129, 136 (2d Cir. 1998). However, even assuming this concept extends beyond securities enforcement actions, courts can do so only if and after the complaint states a cause of action and a demand for equitable relief – normally, disgorgement – against the relief defendant. Here, the amended complaint not only fails to allege that Ms. Levine "does not have a legitimate claim to" the "ill-gotten funds" she allegedly received from Seth Levine, id., but also fails to plead any cause of action, or to demand any relief (equitable or otherwise), against her. Put simply, there is no cause of action or demand for relief on which the Court can enter any default judgment against Ms. Levine.

ARSENEAULT & FASSETT, LLC
ATTORNEYS AT LAW

Honorable Vera M. Scanlon, U.S.M.J.
April 13, 2022
Page 2 of 2

We previously filed a notice of appearance in this action [DE 83] and are prepared to respond to any cause of action or demand for relief which plaintiffs may purport to plead against Ms. Levine. Alternatively, in the event the Court prefers that we move to dismiss the amended complaint despite its failure to plead any cause of action or to demand any relief against her, we are prepared to do so as well. We thank the Court for considering this submission.

Respectfully,

/s/ John J. Roberts

cc:     All Counsel (via ECF)